UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANGEL BERRY,** : | Civil Action No.: 13-7565 (FLW) |
| **Plaintiff,** : | |
| v. : | MEMORANDUM OPINION |
| : | AND ORDER |
| **DCH BRUNSWICK TOYOTA,** : | |
| **Defendant.** : | |

This matter comes before the Court on an informal application by Defendant DCH Brunswick Toyota to stay discovery in this matter until DCH's Motion to Dismiss and Compel Arbitration [dkt. no. 11] is decided by U.S. District Judge Freda L. Wolfson. By letter on March 18, 2014, Plaintiff Angel Berry opposed this application. For the reasons specified below, DCH's application is **DENIED**.

The facts and relatively short procedural history of this case are well known to the Parties and need not be recited here at length. Accordingly, the Court will only set forth those matters relevant to the present application.

DCH argues "that discovery is typically stayed while a motion to dismiss . . . is pending" but notes that it has been "unable to obtain Plaintiff's consent to same." See DCH's Ltr., dated March 17, 2014, at p. 1. According to DCH, the Parties had previously reached an agreement whereby DCH would proceed with discovery in exchange for Plaintiff's agreement to extend its time to respond to the Complaint. Id. Plaintiff proceeded to request discovery in accordance with the Parties' agreement. Id. After reaching this understanding, DCH asserts that it "learned that Plaintiff's purchase contract contains a mandatory arbitration clause." Id. This clause is now the subject of DCH's Motion to Compel Arbitration. While the arbitration issue is pending,

DCH argues that it should not be obligated to proceed with discovery pursuant to its earlier agreement with Plaintiff.

In response, Plaintiff notes that DCH obtained three extensions to respond to the Complaint.  See Pl.'s Ltr., dated March 18, 2014, at p. 1.  Plaintiff also clarifies that the Parties' agreement was memorialized in a Consent Order entered on January 23, 2014 [dkt. no. 9].  Id.  In addition, Plaintiff argues that it is entitled to discovery in order to challenge DCH's contention that arbitration is required.  Plaintiff cites case law in support of its argument.  See Guidotti v. Legal Helpers Debt Resolution LLC, 716 F.3d 764, 776 (3d Cir. 2013); Hughes v. Kolaras, 2013 WL 5797735, at *5 (D.N.J. Oct. 28, 2013).

The Court agrees.  As an initial matter, it appears that DCH did not mention the arbitration provision until 7 weeks after being served with the Complaint.  More importantly, however, the Parties came to a mutual agreement that DCH would proceed with discovery if Plaintiff granted DCH's requested extension to respond to the Complaint.  Plaintiff relied on DCH's representation in consenting to the extension, and the agreement was not conditioned on the filing of any motions by DCH.  Moreover, the Court finds that Plaintiff is entitled to discovery on the arbitration issue.  Accordingly, DCH's application is denied.

The Court having considered the papers submitted and the opposition thereto, and for the reasons set forth above;

**IT IS** on this 31st day of March, 2014,

**ORDERED** that DCH's application to stay discovery pending the Court's decision on its Motion to Dismiss and Compel Arbitration is **DENIED**.

s/ Douglas E. Arpert
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**